**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **MARSELLA D MILES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-603-CDL-ALS** |
| | : | |
| **SERGEANT MCDONALD,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER**

Pending before the Court are claims filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Marsella D. Miles, a prisoner in the Rutledge State Prison in Columbus, Georgia. On June 16, 2026, the Court denied Plaintiff's motions for leave to proceed *in forma pauperis* and ordered Plaintiff to pay the filing fee in full or submit a renewed motion for leave to proceed *in forma pauperis* explaining his present inability to pay. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his case. *See generally* ECF No. 9.

The time for compliance passed without a response from Plaintiff. As such, on July 20, 2026, the Court ordered Plaintiff to respond and show cause why this case should not be dismissed for Plaintiff's failure to comply with the orders and instructions of the Court. Plaintiff was again given fourteen (14) days to respond, and he was again ordered to comply with the June 16th Order if he wished to proceed with this case. He was also warned again

that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 10.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This case is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's June 16, 2026 Order.

**IT IS SO ORDERED,** this 27th day of August, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA